UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

SAMUEL EUGENE CALHOUN,

        Petitioner,         Case No. 1:09-cv-468

v.         Honorable Robert Holmes Bell

JOHN PRELESNIK,

        Respondent.
_____/

## REPORT AND RECOMMENDATION

This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). The Court may *sua sponte* dismiss a habeas action as time-barred under 28 U.S.C. § 2244(d). *Day v. McDonough,* 547 U.S. 198, 209 (2006). After undertaking the review required by Rule 4, I conclude that the amended petition is barred by the one-year statute of limitations.

## Discussion

  I.  Factual Allegations

Petitioner presently is incarcerated at the Richard A. Handlon Correctional Facility. Following a jury trial in Berrien County Circuit Court, Petitioner was convicted of first-degree criminal sexual conduct, in violation of MICH. COMP. LAWS § 750.520b(1)(b), on July 27, 2001. (Am. Pet. at 1, docket #9.) Petitioner was subsequently sentenced to life imprisonment with the possibility of parole. (*Id.*)

Petitioner appealed as of right to the Michigan Court of Appeals. The Michigan Court of Appeals affirmed his conviction in an unpublished opinion dated October 21, 2003.[1] *See People v. Calhoun,* No. 237287, 2003 WL 22399303, at *1 (Mich. Ct. App. Oct. 21, 2003). Petitioner then sought leave to appeal with the Michigan Supreme Court. The Michigan Supreme Court denied his application for leave to appeal on April 30, 2004[2] because it was not persuaded that the questions presented should be reviewed by the court. *See People v. Calhoun,* 680 N.W.2d 417 (Mich. 2004).

On April 8, 2005,[3] Petitioner filed a motion for relief from judgment pursuant to MICH. CT. R. 6.500, which the Berrien County Circuit Court denied on December 6, 2005. (Mot.

---

[1]The date of the Michigan Court of Appeals' decision in Petitioner's amended application for habeas corpus relief is incorrect. (Am. Pet. at 2, docket #9.) The Michigan Court of Appeals denied Petitioner's application on October 21, 2003. *See People v. Calhoun*, No. 237287, 2003 WL 22399303, at *1 (Mich. Ct. App. Oct. 21, 2003).

[2]Petitioner states that the Michigan Supreme Court denied his application for leave to appeal on June 4, 2004 in his amended petition. (Am. Pet. at 2, docket #9.) According to *People v. Calhoun*, 680 N.W.2d 417 (Mich. 2004), however, the Michigan Supreme Court denied Petitioner's application for leave to appeal on April 30, 2004. For purposes of this report and recommendation, I will refer to the April 30, 2004 decision of the Michigan Supreme Court.

[3]In his motion for equitable tolling, Petitioner states that he filed his motion for relief from judgment on April 8, 2005. (Mot. at 2, docket #5.) In his amended application for habeas corpus relief, however, Petitioner indicated that he filed his motion for relief from judgment on April 13, 2005. (Am. Pet. at 3, docket #9.) Because of the inconsistent dates, I gave Petitioner the benefit of the earlier filing date of April 8.

- 2 -

at 2, docket #5.) Petitioner then filed a motion for reconsideration, which was denied on July 20, 2006. (*Id*.) Petitioner sought leave to appeal in the Michigan Court of Appeals and Michigan Supreme Court. The Michigan Court of Appeals denied Petitioner's delayed application for leave to appeal on May 30, 2007, because Petitioner failed to meet the burden of establishing entitlement to relief under MICH. CT. R. 6.508(D). (Attach. 1 to Br. in Supp. of Pet., docket #2.) The Michigan Supreme Court denied Petitioner's application for leave to appeal on September 24, 2007. (*Id*.)

Petitioner filed his original petition and supporting brief (docket ##1, 2) on or about May 7, 2009.[4] In June 2009, Petitioner filed an amended petition on the form provided by the Court (docket #9). Petitioner raises the following four grounds for habeas corpus relief in his amended petition (verbatim):

      I.     INEFFECTIVE ASSISTANCE OF COUNSEL.

      II.    TRIAL COURT'S ABUSE OF DISCRETION.

      III.   PROSECUTORIAL MISCONDUCT.

      IV.   TRIAL COURT'S FAILURE TO GIVE JURY INSTRUCTIONS PER DUE PROCESS AND INEFFECTIVE ASSISTANCE OF COUNSEL.

(Am. Pet at 6, 7, 9, 10.) Petitioner has addressed the timeliness of his petition in a motion titled "Petitioner's reason for delayed petition of writ of habeas corpus, response and request for equitable tolling of the statute of limitations" (docket #5).

---

[4]Under Sixth Circuit precedent, the application is deemed filed when handed to prison authorities for mailing to the federal court. *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002); *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997). Petitioner dated his original application for habeas corpus relief (docket #1) on May 7, 2009, and it was received by the Court on May 22, 2009. Thus, it must have been handed to prison officials for mailing at some time between May 7 and 22. For purposes of this opinion, I have given Petitioner the benefit of the earliest possible filing date.

II. Statute of Limitations

Petitioner's application is barred by the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1), which became effective on April 24, 1996, as part of the Antiterrorism and Effective Death Penalty Act, PUB. L. NO. 104-132, 110 STAT. 1214 (AEDPA). Prior to enactment of the AEDPA, there was no defined period of limitation for habeas actions.[5] Section 2244(d)(1) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). The running of the statute of limitations is tolled when "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); *see also Duncan v. Walker*, 533 U.S. 167, 181-82 (2001) (limiting the tolling provision to only State, and not Federal, processes); *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (defining "properly filed").

---

[5]Previously, the only time limit was provided in Rule 9 of the Rules Governing § 2254 Cases, which allows dismissal of a petition only under circumstances where the state has been prejudiced by the delay in filing.

In most cases, § 2244(d)(1)(A) provides the operative date from which the one-year limitations period is measured. *See Dodd v. United States*, 545 U.S. 353, 357 (2005). Under that provision, the one-year limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). According to paragraph nine of Petitioner's application, Petitioner appealed his conviction to the Michigan Court of Appeals and Michigan Supreme Court. The Michigan Supreme Court denied his application on April 30, 2004. Petitioner did not petition for certiorari to the United States Supreme Court. The one-year limitations period, however, did not begin to run until the ninety-day period in which Petitioner could have sought review in the United States Supreme Court had expired. *See Lawrence v. Florida*, 549 U.S. 327, 332-33 (2007); *Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000). The ninety-day period expired on July 30, 2004. *See Bronaugh*, 235 F.3d at 284 (under FED. R. CIV. P. 6(a), the first day for counting purposes does not include the day of the act, event or default from which the designated period of time begins to run).

Without the benefit of tolling, Petitioner had one year from July 30, 2004, or until July 30, 2005, to file his habeas application. Petitioner filed a motion pursuant to MICH. CT. R. 6.500 with the Berrien County Circuit Court on April 8, 2005, at which time he had one hundred and thirteen (113) days remaining in the limitations period. A properly filed application for state post-conviction review or other state collateral review tolls the statute of limitations during the period the application is pending. *See* 28 U.S.C. § 2244(d)(2). The statute of limitations is tolled from the filing of an application for state post-conviction or other collateral relief until a decision is issued by the state supreme court. *Lawrence*, 549 U.S. at 332. The statute is not tolled during the time that a Petitioner petitions for writ of certoriari in the United Stated Supreme Court. *Lawrence*, 549 U.S.

at 332-33. The Michigan Supreme Court denied Petitioner's application for leave to appeal on September 24, 2007. With the benefit of tolling, the statute of limitations expired 113 days later, on January 16, 2008. *See Bronaugh*, 235 F.3d at 284. Petitioner filed his original application for habeas corpus relief on May 7, 2009, approximately sixteen months after the expiration of the statute of limitations.

The one-year limitations period applicable to § 2254 is a statute of limitations subject to equitable tolling. *See Dunlap v. United States*, 250 F.3d 1001, 1007 (6th Cir. 2001) (holding that the one-year statute of limitations set forth in § 2254 and § 2255 are subject to equitable tolling). A petitioner bears the burden of showing that he is entitled to equitable tolling. *See Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004); *Jurado v. Burt,* 337 F.3d 638, 642 (6th Cir. 2003); *Griffin v. Rogers*, 308 F.3d 647, 653 (6th Cir. 2002). The Sixth Circuit repeatedly has cautioned that equitable tolling should be applied "sparingly" by this Court. *See Solomon v. United States,* 467 F.3d 928, 933 (6th Cir. 2006); *Jurado*, 337 F.3d at 642; *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002); *Dunlap*, 250 F.3d at 1008-09. A petitioner seeking equitable tolling of the habeas statute of limitations has the burden of establishing two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Lawrence*, 549 U.S. at 335 (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

In his motion for equitable tolling, Petitioner asserts that he did not receive notice of the September 24, 2007 decision of the Michigan Supreme Court until March 9, 2009. (Mot. at 3, docket #5.) Petitioner's exhibits do indeed disclose that he received a copy of the Michigan Supreme Court order on March 9, 2009, but this in no way excludes the possibility that Petitioner received the original order in 2007, when it was issued. Furthermore, even assuming that the Supreme Court

Clerk somehow failed to notify Petitioner for over one year, he is not entitled to equitable tolling. Equitable tolling is not warranted because Petitioner was not diligent in monitoring the status of his appeal. *See Lawrence*, 549 U.S. at 335. On July 13, 2007, the Michigan Supreme Court acknowledged receipt of Petitioner's application for leave to appeal and informed Petitioner "that the Court will [] hear his case after July 31, 2006."[6] (Mot. at 2.) Petitioner does not allege that he ever sent correspondence to the Michigan Supreme Court to determine the status of his appeal or otherwise sought to ascertain the status of his application. By never following up with the Michigan Supreme Court, Petitioner failed to diligently pursue his rights. Failing to monitor the status of an appeal and diligently pursue § 2254 relief does not justify equitable tolling. *Elliot v. Dewitt*, 10 F. App'x 311, 313 (6th Cir. 2001).

Moreover, Petitioner failed to diligently pursue his rights after he received notice of the Michigan Supreme Court's decision on March 9, 2009. (Mot. at 2-3.) Petitioner filed his application for habeas corpus relief approximately two months after he received notice of the Michigan Supreme Court's decision. Clearly, Petitioner did not diligently pursue his rights. *See Allen v. Yukins*, 366 F.3d 396, 403 (6th Cir. 2004) (citing *Cook v. Stegall*, 295 F.3d 517, 518 (6th Cir. 2002) (holding that petitioner was not diligent in filing one month late) and *Dunlap v. United States,* 250 F.3d 1001, 1010 (6th Cir. 2001) (holding that the petitioner was not entitled to equitable tolling where he filed his habeas petition more than two months late). The fact that Petitioner is untrained in the law, was proceeding without a lawyer, or may have been unaware of the statute of limitations for a certain period also does not warrant equitable tolling. *See Allen*, 366 F.3d at 403-

---

[6] Because Petitioner filed his application for leave to appeal in June 2007, it appears that Petitioner's statement that the Michigan Supreme Court would review his application after July 31, 2006 is incorrect. (Mot. at 2.) Regardless, Petitioner was on notice that the Michigan Supreme Court would most likely review his application after July 31, 2007.

04; *Brown v. United States*, 20 F. App'x 373, 375 (6th Cir. 2001) (citing *United States v. Baker*, 197 F.3d 211, 218-19 (6th Cir. 1999)); *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999) ("ignorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse [late] filing."). Accordingly, Petitioner is not entitled to equitable tolling of the statute of limitations.

The Supreme Court has directed the District Court to give fair notice and an adequate opportunity to be heard before dismissal of a petition on statute of limitations grounds. *See Day,* 547 U.S. at 210. This report and recommendation shall therefore serve as notice that the District Court may dismiss Petitioner's amended application for habeas corpus relief as time-barred. The opportunity to file objections to this report and recommendation constitutes Petitioner's opportunity to be heard by the District Judge.

## **Recommended Disposition**

For the foregoing reasons, I recommend that the amended habeas corpus petition be denied because it is barred by the one-year statute of limitations. I further recommend that a certificate of appealability be denied. *See Slack v. McDaniel*, 529 U.S. 473 (2000). I also recommend that Petitioner's motion (docket #5) for equitable tolling be denied.


Dated: August 3, 2009        /s/  Joseph G. Scoville
                             United States Magistrate Judge

## **NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within ten days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to file timely objections may constitute a waiver of any further right of appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).