UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SAMUEL EUGENE CALHOUN,

    Petitioner,

v.                                         CASE NO. 1:09-CV-468

JOHN PRELESNIK,                   HON. ROBERT HOLMES BELL

    Respondent.
_____/

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on a habeas corpus petition filed by Petitioner Samuel Eugene Calhoun pursuant to 28 U.S.C. § 2254. (Dkt. No. 1.) On May 22, 2009, Petitioner filed a motion for equitable tolling of the limitations period. (Dkt. No. 5.) On August 3, 2009, Magistrate Judge Joseph G. Scoville issued a report and recommendation ("R&R"), recommending that this Court deny Petitioner's motion for equitable tolling and dismiss the petition as untimely. (Dkt. No. 13.) Petitioner filed objections to the R&R on August 12, 2009. (Dkt. No. 14.) This Court must review de novo those portions of the R&R to which specific objection has been made, and may accept, reject, or modify any or all of the Magistrate Judge's findings or recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

For purposes of 28 U.S.C. § 2244(d)(1)(A), Petitioner's conviction became "final" on

July 30, 2004, upon the expiration of the ninety-day period in which Petitioner could have filed a writ of certiorari directly challenging his conviction in the United States Supreme Court. *Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000). Petitioner thus had 365 days from July 30, 2004, to file his § 2254 petition in federal court, not including days during which the limitations period was tolled. 28 U.S.C. § 2244(d). The limitations period began to be statutorily tolled on April 8, 2005, the date on which Petitioner filed a motion in state court collaterally attacking his conviction, at which point 252 of the 365 days had passed. *See* 28 U.S.C. § 2244(d)(2). However, proceedings for state post-conviction relief concluded, and statutory tolling ended, on September 24, 2007, when the Michigan Supreme Court denied Petitioner's application for leave to appeal. Thus, without the benefit of equitable tolling, the limitations period expired 113 days after September 24, 2007, or January 16, 2008. Petitioner filed his § 2254 petition on May 7, 2009.

Petitioner does not dispute that he did not file his petition less than 113 days after the conclusion of state post-conviction relief proceedings on September 24, 2007. Rather, Petitioner objects to the Magistrate Judge's determination that the Court should not apply equitable tolling and consider his petition timely. Petitioner argues that he is entitled to equitable tolling because he did not receive notice that the Michigan Supreme Court denied his application for leave to appeal until March 9, 2009. According to Petitioner, without knowledge that his motion for state post-conviction relief had been resolved, Petitioner had no way of knowing that the limitations period governing his motion for federal post-

2

conviction relief had re-commenced.

The doctrine of equitable tolling should be applied sparingly. *Solomon v. United States*, 467 F.3d 928, 933 (6th Cir. 2006). In *Lawrence v. Florida*, 549 U.S. 327 (2007), the Supreme Court held that equitable tolling is appropriate only if (1) the Petitioner has been pursuing his rights diligently, and (2) some "extraordinary circumstance" stood in his way and prevented timely filing. *Id.* at 336 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). Petitioner bears the burden of proving both requirements. *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004).

On a set of facts similar to those at hand, the Sixth Circuit determined in *Miller v. Collins*, 305 F.3d 491 (6th Cir. 2002), that a petitioner's lack of notice of the final disposition of proceedings for state post-conviction relief can constitute the "extraordinary circumstance" required for equitable tolling to apply.[1] *Cf. King v. Bell*, 378 F.3d 550 (6th Cir. 2004) (suggesting that equitable tolling may be appropriate when a petitioner must wait for a third-party to undertake an action before proceeding). In *Miller*, the § 2244(d)(1) one-year limitations period tolled while the petitioner's motion to reopen his appeal was pending before the Ohio Court of Appeals. The Ohio Court of Appeals denied the motion on November 26, 1996, at which point the statutorily-prescribed tolling ended, but the petitioner

---

[1] Because *Miller* was decided before *Lawrence*, the *Miller* court did not cite to *Lawrence* or use the words "extraordinary circumstance." Nevertheless, the *Miller* court's analysis was consistent with the two-prong standard for equitable tolling set forth in *Lawrence* in the sense that the decision to apply equitable tolling depended on a finding of an extraordinary circumstance - the petitioner's lack of notice - and a finding that the petitioner had been diligent in pursuing his rights. *See Miller v. Collins*, 305 F.3d 491, 495-96 (6th Cir. 2002).

3

did not receive notice of the denial until May 14, 1997. Whether the petitioner's § 2254 petition was timely depended on whether the limitations period commenced on November 26, 1996, when the motion to reopen was actually denied, or whether the limitations period was equitably tolled until sometime after November 26, 1996, due to the petitioner's lack of notice of the denial.

Recognizing that the petitioner bears the burden of proving that equitable tolling should apply, the *Miller* court closely examined whether the petitioner had sufficiently demonstrated that he did not, in fact, have notice of the denial until over five months after it was rendered. *Miller*, 305 F.3d 491, 495-96 (6th Cir. 2002). The court concluded that the petitioner had satisfied this burden because: (1) he swore under penalty of perjury that he did not have knowledge of the denial until May 14, 1997; (2) he filed a motion with the Ohio Supreme Court requesting action on his motion to reopen on May 7, 1997 — a motion he likely would not have filed had he truly been aware that his motion to reopen had already been denied; and (3) there was no evidence to dispute the petitioner's claim that he did not have notice of the denial until May 14, 1997. *Id.*

Similarly, in this case Petitioner has satisfied his burden of proving that he did not receive notice or otherwise have knowledge of the Michigan Supreme Court's denial of his application for leave to appeal on September 24, 2007, until March 9, 2009. First, Petitioner has sworn under penalty of perjury that he did not have knowledge of the denial until March 9, 2009. (Dkt. No. 6.) Second, on four occasions between September 24, 2007, and March

4

9, 2009 — December 22, 2007, April 1, 2008, June 30, 2008, and November 19, 2008 — Petitioner sent a letter to the Michigan Supreme Court requesting the status of his motion for leave to appeal — letters Petitioner likely would not have sent had he truly been aware that his motion had already been denied.[2] (Dkt. No. 14, App'x A.) Third, Petitioner presents what he claims to be the first notice sent to him regarding the denial of his motion for leave to appeal, and, although the denial itself is dated September 24, 2007, the envelope is post-marked March 9, 2009.[3] (Dkt. No. 5, App'x A, B.) Finally, as in *Miller*, there is no evidence contradicting Petitioner's claim that he did not have notice of the denial until March 9, 2009.

Because Petitioner's evidence in this case is at least as compelling as the petitioner's evidence in *Miller*, the Court holds that Petitioner has sufficiently demonstrated that he did not receive a copy or otherwise have knowledge of the Michigan Supreme Court's decision until March 9, 2009. For this reason, and consistent with the holding in *Miller*, Petitioner has established that an "extraordinary circumstance" stood in his way and prevented timely filing.

The Court also finds that Petitioner acted diligently to protect his rights both before

---

[2]Petitioner first submitted copies of these letters to the Court along with his objections to the R&R, and thus the Magistrate Judge was not aware of these letters when it issued the R&R. Considering the Magistrate Judge's analysis, these letters appear to be reason that the Court's conclusion differs from the Magistrate Judge's. Nevertheless, in its discretion the Court will consider the letters as evidence. *Cameron v. Birkett*, 348 F. Supp. 2d 825, 829-30 (E.D. Mich. 2004) ("The Court may supplement the record by entertaining additional evidence, but it is not required to do so.").

[3]Petitioner also attaches a handwritten correspondence from the prison mail room indicating that, since August of 2007, the only mail that Petitioner received from the Michigan Supreme Court arrived on March 9 and 10 of 2009. (Dkt. No. 14, App'x B.)

and after receiving notice that his motion had been denied on March 9, 2009. As for Petitioner's diligence before he received notice, Petitioner submitted four letters to the Michigan Supreme Court requesting the status of his motion between the time it was actually denied and the time he received notice of the denial. (Dkt. No. 14, App'x A.) In *Miller*, the fact that the petitioner had submitted one request for an status update between the time his motion was denied and the time he received notice was sufficient for the court to find that the petitioner had acted diligently in pursuing his rights. *Miller*, 305 F.3d at 496 (6th Cir. 2002). Indeed, it is difficult to imagine what more Petitioner could have done to apprise himself of the fact that his motion had been denied. Further, although Petitioner waited almost two months to file his present habeas petition after he received notice that his motion for leave to appeal had been denied, the Court does not believe that this delay represents a lack of diligence on the part of Petitioner. The *Miller* court found it appropriate to equitably toll the limitations period until the petitioner received notice that his motion had been denied by the Ohio Court of Appeals. *Id.* at 496-97 ("[W]e hold that the section 2244 one-year statute of limitations period was [equitably] tolled from November 26, 1996, the date of the Ohio Court of Appeals' decision regarding [the petitioner's] [motion to reopen his appeal], until May 14, 1997, the date [the petitioner] received notice of the decision.") Adopting this approach, the limitations period governing Petitioner's § 2254 motion again began to run on March 9, 2009, and, since there were 113 days left, it expired on June 30, 2009. Petitioner ultimately filed his petition on May 7, 2009, well within the limitations period as amended

by the equitable tolling analysis prescribed by *Miller*.

In short, Petitioner has sufficiently demonstrated that he did not receive notice that the Michigan Supreme Court denied his motion for leave to appeal on September 24, 2007, an event that triggered the running of the statute of limitations governing his § 2254 motion, until March 9, 2009, and that this is an "extraordinary circumstance" that can support a request for equitable tolling. *See Miller v. Collins*, 305 F.3d 491 (6th Cir. 2002). In addition, Petitioner has sufficiently demonstrated that he was diligent in pursuing his rights both before and after he received notice that his motion for leave to appeal had been denied. Consistent with the holding in *Miller*, the one-year limitations period governing Petitioner's § 2254 petition was equitably tolled from September 24, 2007, to March 9, 2009. Because he filed his § 2254 petition on May 7, 2009, less than 113 days after March 9, 2009, Petitioner's § 2254 petition was timely.

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's objections to the report and recommendation (Dkt. No. 14) are **APPROVED**.

**IT IS FURTHER ORDERED** that the report and recommendation (Dkt. No. 13) is **REJECTED**.

**IT IS FURTHER ORDERED** that Petitioner's motion for equitable tolling (Dkt. No. 5) is **GRANTED**.

Nothing herein shall be construed as expressing any opinion on the merits of Petitioner's § 2254 petition.


DATED:   March 12, 2010            /s/ Robert Holmes Bell
                                  ROBERT HOLMES BELL
                                  UNITED STATES DISTRICT JUDGE