UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SAMUEL EUGENE CALHOUN,

        Petitioner,

                                        Case No.  1:09-CV-468

v.

                                        HON. ROBERT HOLMES BELL

JOHN PRELESNIK,

        Respondent.

                             /

## **O P I N I O N**

On April 30, 2014, Magistrate Judge Joseph G. Scoville issued a Report and Recommendation ("R&R") recommending that Petitioner Samuel Eugene Calhoun's § 2254 petition for writ of habeas corpus be denied .  (ECF No. 65.)  This matter is before the Court on Petitioner's  objections to the R&R.  (ECF No. 69.)

This Court is required to make a de novo review upon the record of those portions of the R&R to which specific objections have been made. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see also Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995) ("[A] general objection to a magistrate's report, which fails to specify the issues of contention, does not satisfy the requirement that an objection be filed.  The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious."); *Zimmerman v. Cason*, 354 F. App'x 228, 230 (6th Cir. 2009) ("The filing of vague, general, or conclusory objections does not meet the requirement of specific objections and is

tantamount to a complete failure to object."). Although the Magistrate Judge's R&R is reviewed de novo, this Court must review the state court proceedings consistent with the standards set forth in 28 U.S.C. § 2254.

Petitioner states that he "unequivocally" objects to the R&R. (Obj. 2.) Petitioner follows this statement by essentially re-arguing all nine of the claims raised in his original habeas petition without pointing to any error in the R&R's analysis of those claims. This approach is little better than a general objection to the R&R; it does not enable the court to discern those issues that are dispositive and contentious. *See Miller v. Currie*, 50 F.3d at 380; *see also Nance v. Smith*, 1:09CV1536, 2011 WL 609805 (N.D. Ohio Feb. 11, 2011) (holding that using objections to simply reiterate the arguments in the petition is akin to no objection at all). Petitioner's objections are not sufficient to trigger de novo review of the Magistrate Judge's comprehensive (54-page) analysis of all nine of Petitioner's original claims. Petitioner has, however, identified a few specific portions of the R&R which he deems problematic. The Court will review these specific objections de novo.

Petitioner objects to the Magistrate Judge's determination that all of his post-conviction claims (grounds five through nine) have been procedurally defaulted. He contends that this determination is incorrect because the state court orders denying relief under MCR 6.508(D) are ambiguous and do not provide adequate and independent state grounds for denying review. (Obj. 12-15, citing *Guilmette v. Howes*, 624 F.3d 286, 289-92 (6th Cir. 2010) (en banc)).

Contrary to Petitioner's assertions, the Magistrate Judge did not deny all of his post-conviction claims on the basis of procedural default. While noting that Petitioner's fifth ground for relief (due process/arrest) was procedurally barred, he analyzed the claim on its merits. (R&R 43-44.) Both the Michigan Court of Appeals and the Magistrate Judge analyzed Petitioner's sixth ground for relief (ineffective assistance of appellate counsel) on the merits. (R&R 17, 43, 49-53.) As to Petitioner's seventh and eighth grounds for relief (prosecutorial misconduct and jury venire), the Magistrate Judge specifically disregarded or ignored the procedural default and addressed the issues on their merits. (R&R 44, 48.)

The Magistrate Judge did recommend denial of Petitioner's ninth ground for relief (sentencing issue), on the basis of procedural default. However, the procedural default was based on MCR 6.502(G)(1), not MCR 6.508. Petitioner has not challenged the finding that MCR 6.502(G)(1), which prohibits successive motions for relief from judgment, is sufficient to invoke the doctrine of procedural default. (R&R 53.) The Court concludes that Petitioner's objections based on procedural default lack merit.

Petitioner has raised an additional objection relating to his fifth ground for relief. Petitioner contends that the Magistrate Judge incorrectly mischaracterized his claim, the focus of which was to establish that the police violated his Fourth Amendment rights by submitting a form complaint as the sole evidence in support of an arrest warrant. (Obj. 15-16.) Petitioner contends that the Supreme Court has long established that "complaints of this kind do not provide sufficient support for the issuance of an arrest warrant." (*Id.* at 16, citing

*Giordenello v. United States*, 357 U.S. 480, 486 (1958)). The Magistrate Judge did not mischaracterize this claim; he correctly stated that "Petitioner contends that his conviction is invalid because his arrest was based on a form warrant, rather than on individualized, fact-specific allegations sufficient to support probable cause." (R&R 43.) Whether or not the arrest itself was illegal, the Magistrate Judge correctly determined that "[a]n illegal arrest does not provide a basis for habeas corpus relief from an ensuing conviction." (R&R 44.)

Petitioner has also raised an additional objection relating to his seventh ground for relief regarding the prosecutor's intentional withholding of DNA test results. Petitioner contends that the Magistrate Judge confused the issue by injecting other facts into the analysis. (Obj. 18-19.) Petitioner also insists that the evidence was governed by *Brady v. Maryland*, 373 U.S. 83 (1963). The Magistrate Judge determined that the prosecutor's delayed disclosure of the DNA test results did not violate *Brady* or any other clearly established federal law because the evidence was not exculpatory. (R&R 45.) Petitioner has not shown how the DNA test results could be considered favorable to him or material to his guilt or innocence. *See Brady*, 373 at 87. On de novo review, the Court agrees with the R&R's finding that Petitioner failed to show that the prosecutor's delay in disclosing the DNA evidence violated clearly established federal law, and that Petitioner failed to show that he was prejudiced by the delay in receiving the DNA test results. (R&R 44-48.) For these reasons, the Court also agrees with the R&R's conclusion that Petitioner failed to identify a basis for habeas relief stemming from the prosecutor's delay in disclosing the DNA evidence.

4

The Court is satisfied that the R&R correctly analyzes the issues and makes a sound recommendation. Accordingly, for the reasons stated in the R&R, Petitioner's habeas corpus petition will be denied.

An appeal may not be taken from a final order in a habeas case unless a certificate of appealability is issued. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1). A certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The district court must issue or deny a certificate of appealability at the time it enters a final order adverse to the petitioner. Rule 11(a) of the Rules Governing § 2254 Cases. Because Petitioner has failed to make a substantial showing of the denial of a constitutional right, a certificate of appealability will be denied. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

An order and judgment consistent with this opinion will be entered.


Dated: <u>September 25, 2014</u>                                /s/ Robert Holmes Bell
                                                                          ROBERT HOLMES BELL
                                                                          UNITED STATES DISTRICT JUDGE