# UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| Deborah S. Hunt<br>Clerk | 100 EAST FIFTH STREET, ROOM 540<br>POTTER STEWART U.S. COURTHOUSE<br>CINCINNATI, OHIO 45202-3988 | Tel. (513) 564-7000<br>www.ca6.uscourts.gov |

Filed: December 18, 2020

Mr. Samuel Eugene Calhoun
Muskegon Correctional Facility
2400 S. Sheridan Drive
Muskegon, MI 49442

Ms. Andrea M. Christensen-Brown
Office of the Attorney General of Michigan
P.O. Box 30217
Lansing, MI 48909

Re: Case No. 20-1872, *In re: Samuel Calhoun*
Originating Case No. : 1:09-cv-00468

Dear Calhoun and Counsel:

The Court issued the enclosed Order today in this case.

Sincerely yours,

s/Robin L. Johnson
Case Manager
Direct Dial No. 513-564-7039

cc:  Mr. Thomas Dorwin

Enclosure

No mandate to issue

No. 20-1872

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

In re: SAMUEL EUGENE CALHOUN,

    Movant.

)
)
)
)
)
)
)

FILED
Dec 18, 2020
DEBORAH S. HUNT, Clerk

O R D E R

Before: GUY, KETHLEDGE, and NALBANDIAN, Circuit Judges.

Samuel Eugene Calhoun, a pro se Michigan prisoner, moves for an order authorizing the district court to consider a second or successive 28 U.S.C. § 2254 petition for a writ of habeas corpus. *See* 28 U.S.C. § 2244(b)(3)(B). He also moves for the appointment of counsel.

In 2001, a jury found Calhoun guilty of first-degree criminal sexual conduct. He was sentenced to life in prison. The Michigan Court of Appeals affirmed, *People v. Calhoun*, No. 237287, 2003 WL 22399303 (Mich. Ct. App. Oct. 21, 2003), and the Michigan Supreme Court denied leave to appeal, *People v. Calhoun*, 680 N.W.2d 417 (Mich. 2004) (table).

After unsuccessfully pursuing post-conviction relief in the state courts, Calhoun filed a § 2254 petition, which the district court denied. The district court and this court each denied Calhoun a certificate of appealability. *Calhoun v. Burt*, No. 15-1337 (6th Cir. Nov. 23, 2015) (order).

Calhoun now seeks authorization to file a second or successive § 2254 petition, seeking to raise claims that: (1) he was denied his due process rights under *Brady v. Maryland*, 373 U.S. 83 (1963), because the prosecution "suppressed material evidence from [his] prior criminal history that [was] both exculpatory and impeaching"; (2) his trial counsel was ineffective during sentencing by failing to adequately investigate his criminal history; and (3) his appellate counsel was ineffective for failing to raise his *Brady* claim on direct appeal.

No. 20-1872
- 2 -

Before a prisoner may file a second or successive § 2254 petition in the district court, he must make a prima facie showing that the proposed petition raises a new claim premised on either: (1) "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable"; or (2) new facts that "could not have been discovered previously through the exercise of due diligence" and that, "if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense." 28 U.S.C. § 2244(b)(2), (b)(3)(C).

Calhoun cannot meet the statutory criteria for filing a second or successive § 2254 petition.  As Calhoun concedes, his second and third claims do not rely upon a new rule of constitutional law or any newly discovered evidence.  And Calhoun's first claim does not rely upon any newly discovered evidence of his innocence.  According to Calhoun, he recently obtained a certified court record that supports his claim that a "minor theft offense" that the trial court used to enhance his sentence had been "'merged' with the [trial] court's findings on the two felony counts in the information, for which [he] was found not guilty."  Even if this record could be considered new evidence, it cannot establish that no reasonable factfinder would have found Calhoun guilty of the crime for which he was convicted but for constitutional error. 28 U.S.C. § 2244(b)(2), (b)(3)(C); *Keith v. Bobby*, 551 F.3d 555, 557 (6th Cir. 2009).

We therefore **DENY** Calhoun's motion for authorization to file a second or successive § 2254 petition and **DENY** as moot Calhoun's motion for the appointment of counsel.

ENTERED BY ORDER OF THE COURT

Deborah S. Hunt, Clerk